| UNITED STATES DISTRICT COURT | THIS ORDER CONCERNS A |
| EASTERN DISTRICT OF NEW YORK | SUBPOENA SERVED ON: |

- - - - - - - - - - - - - - - - - -X  **BEVERLY HILLS BUNGALOWS**
                                      **CORPORATION**
ESTHER RAND,

                Plaintiffs,     <u>ORDER</u>

    - against -                11-CV-3040 (CBA)(MDG)

AMERICAN INSURANCE COMPANY,

                Defendant.

- - - - - - - - - - - - - - - - - -X

     Defendant moves to compel BEVERLY HILLS BUNGALOWS CORPORATION ("Beverly Hills") to comply with a subpoena requiring it to produce documents.  Ct. doc. 30.  This Court held a conference on February 22, 2012 regarding the motion, of which Beverly Hills was sent notice, but Beverly Hills failed to appear.  For the foregoing reasons, defendant's motion is granted.

     Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Fed. R. Civ. P. 45(a)(3).  Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served.  <u>See</u>, <u>e.g.</u>, Advisory Committee Notes, 1991 Amendment

to Fed. R. Civ. P. 45; Board of Governors of Federal Reserve System v. Pharaon, 140 F.R.D. 634, 641-42 (S.D.N.Y. 1991).

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued. Fed. R. Civ. P. 45(e); see Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991). Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena. See David D. Siegel, Fed. R. Civ. P. 45, Practice Commentaries, C45-26.

Having examined the affidavit of service attached as Exhibit B to defendant's motion, the Court finds that the subpoena is valid and was properly served upon Beverly Hills by serving its chief executive officer, Selig Grossman.[1] Mr. Grossman is listed

---

[1] The process server made three attempts to deliver the subpoena to Mr. Grossman before affixing it to the outside door of his house and mailing it. This Court agrees with the reasoning of the courts in the Second Circuit holding that Rule 45 only requires delivery which reasonably ensures actual receipt by a witness. See, e.g., JP Morgan Chase Bank, N.A. v. IDW Group, LLC, 2009 WL 1313259, at *2-*3 (S.D.N.Y. 2009); Medical Diagnostic Imaging, PLLC v. CareCore Nat., LLC, 2008 WL 3833238, at *2-*3 (S.D.N.Y. 2008); see also Ultradent Prods., Inc. v. Hayman, 2002 WL 31119425, at *3-*4 (S.D.N.Y. 2002) (service of subpoena on third party witness by certified mail sufficient to satisfy Rule 45); Cordius Trust v. Kummerfeld, 2000 WL 10268, at *1 (S.D.N.Y. 2000) (same); First City, Texas-Houston v. Rafidain Bank, 197 F.R.D. 250, 255 (S.D.N.Y. 2000), aff'd, 281 F.3d 48 (2d Cir. 2002); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 n.1 (E.D.N.Y. 1997) (any means of service in accordance with New York procedural law sufficient to satisfy Rule 45 requirements).

as the CEO of Beverly Hills with the New York State Department of State, Division of Corporations.  See ct. doc. 30-1.  In addition, a maintenance worker at the Beverly Hills coop testified at his deposition on September 27, 2011 that Mr. Grossman is his boss.  See ct. doc. 30-3 at 7.  Mr. Grossman has not offered any reason for not complying.[2]

## CONCLUSION

For the foregoing reasons, the defendant's motion to compel Beverly Hills to comply with a subpoena served upon Selig Grossman is granted.  Mr. Grossman is warned that Beverly Hills is required to comply with the subpoena served on him.  Mr. Grossman should _immediately_ contact defendant's counsel, Deborah Venos, to discuss compliance with the subpoena and must produce the documents sought by March 30, 2012.  If he fails to do so, Beverly Hills could be subject to contempt proceedings for failure to respond to the subpoena and this order.  If an entity is found to be in contempt of the subpoena or this order, it could be subject to sanctions, including imposition of a monetary fine, attorneys' fees and costs.

---

[2] Defendant's counsel states that Mr. Grossman left her a voicemail indicating that Weg & Myers P.C. represents him with respect to complying with the subpoena and that he provided documents to the firm.  See ct. doc. 30 at 2.  Counsel for defendant emailed Weg & Myers on December 1, 2011 concerning the subpoena but received no response.  Weg & Myers was subsequently granted leave to withdraw as counsel for plaintiff.

The Court will mail a copy of this order to Beverly Hills c/o Selig Grossman.

**SO ORDERED.**

Dated:    Brooklyn, New York
            February 27, 2012

                                          __/s/_____
                                          MARILYN D. GO
                                          UNITED STATES MAGISTRATE JUDGE

<u>By mail to:</u>

SELIG GROSSMAN
5611 17th Avenue
Brooklyn, NY 11204